# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | | |
|---|---|---|
| Caroline Cook Bailey, | ) | Civil Action No. 0:11-322-MBS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Caroline Cook Bailey ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is before the court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Paige J. Gossett, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 D.S.C.

On April 9, 2012, the Magistrate Judge issued a Report in which she concluded that the Commissioner's decision was supported by substantial evidence and, as a result, recommended that the decision of the Commissioner be affirmed. (ECF No. 24.) Plaintiff filed objections to the Report on April 26, 2012, to which the Commissioner filed a response on May 10, 2012. (ECF Nos. 26 & 27.) For the reasons set forth below, the court adopts the Report of the Magistrate Judge and **AFFIRMS** the decision of the Commissioner.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a 48 year old woman, who suffers from fibromyalgia and degenerative disc disease. (Tr. 11, 112.[1]) Plaintiff has a high school education and past relevant work experience

---

[1] The Social Security Administrative Record was not filed by Commissioner. Therefore, citation will be to the pages in the transcript of the administrative record and not to the court's electronic case filing page numbers.

as a custodian, convenience store cashier/stocker, and telephone collections operator. (Tr. 16, 137, 151.) Plaintiff filed her most recent application for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits on May 23, 2007, alleging that she became disabled on February 15, 2007. (Tr. 9.) Plaintiff's application for benefits was denied initially on December 11, 2007, upon reconsideration on May 2, 2008, and in a decision issued by the Administrative Law Judge ("ALJ") on September 23, 2009. (Tr. 9-17.) The ALJ found that Plaintiff was not disabled as defined by the Social Security Act and was, therefore, not entitled to DIB and/or SSI. (Tr. 16.) In reaching this decision, the ALJ concluded that based on Plaintiff's age, education, work experience, and residual functional capacity, she was capable of performing jobs that exist in significant numbers in the national economy. (Id.)

Plaintiff requested that the Appeals Council review the ALJ's September 23, 2009 decision, which request was denied on December 10, 2010, making the ALJ's decision the Commissioner's final decision regarding Plaintiff's case. (Tr. 1.) On February 8, 2011, Plaintiff commenced this action to review the Commissioner's denial of benefits. (ECF No. 1.)

## II.    LEGAL STANDARD AND ANALYSIS

**A.    Standard**

    1.    Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to

which only "general and conclusory" objections have been made—for clear error.  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).

       2.      The Commissioner's Decision

       The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .  42 U.S.C. § 405(g).  "Substantial evidence has been defined inumerable times as more than a scintilla, but less than a preponderance."  Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it is supported by substantial evidence.  Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency."  Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational."  Vitek, 438 F.2d at 1157-58.

B.    **Analysis**

In her objections to the Magistrate Judge's Report, Plaintiff argues that the Magistrate Judge erroneously found that the ALJ fully and fairly evaluated all the available medical evidence.  (ECF No. 26, p. 2.)  In this regard, Plaintiff asserts that the ALJ failed to consider the references in the medical records regarding Plaintiff's problems with her hands, including inflammatory arthritis, pain and swelling, and difficulty with opening, closing, and holding things without dropping them.  (Id. at pp. 3-5.)  Plaintiff further asserts that the ALJ did not consider the effects of the various problems revealed in Plaintiff's MRI, which showed severe arthritis, severe degenerative disc disease, and severe stenosis at multiple levels throughout her lumbar spine.  (Id. at pp. 6-8.)  Plaintiff also objects to the Magistrate Judge's finding in regards to her fibromyalgia that the ALJ "considered the full range of evidence . . . to draw his conclusion about the severity of her condition and its impact on her ability to work."  (Id. at pp. 11-12 (citing ECF No. 24, p. 11).)  Finally, Plaintiff objects to the Magistrate Judge's decision to support the ALJ's assessment of Plaintiff's pain symptoms.  (Id. at pp. 13-14.)  Based on the foregoing, Plaintiff asks the court to remand the case in order that the ALJ can consider her symptoms of fibromyalgia and reasonably assess credibility based on complaints of pain, noted absence of improvement, and daily activities that do not require fingering or extensive use of hands.  (Id. at p. 15.)

In response to Plaintiff's objections, the Commissioner asserts that the ALJ's decision is supported by substantial evidence.  (ECF NO. 27, p. 1.)  The Commissioner further asserts that evidence of record supports a finding that Plaintiff was limited by severe impairments, but not to

the degree she alleged.  (Id.)  Therefore, the Commissioner respectfully requests that the court reject Plaintiff's objections, adopt the Magistrate Judge's recommendation, and affirm the ALJ's decision.  (Id. at p. 3.)

Upon consideration of Plaintiff's objections, the court finds that the Magistrate Judge performed a thorough analysis of the record, including her evaluation of the medical evidence, in reaching the conclusion that substantial evidence supports the Commissioner's decision that Plaintiff was not disabled within the meaning of the Social Security Act.  In this regard, Plaintiff's claim for DIB and SSI fails because she lacks objective medical evidence to support her disability claim, despite her numerous medical problems.  Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983) (The Plaintiff bears the burden of proving a disability within the definition of the Social Security Act).  Therefore, based upon the foregoing, the court finds that Plaintiff's objections to the Magistrate Judge's Report are without merit.

### III.    CONCLUSION

Upon careful consideration of the entire record, the court adopts the Magistrate Judge's Report and Recommendation incorporating it by reference, and affirms the final decision of the Commissioner denying Plaintiff's claim for disability insurance benefits and supplemental security income benefits.

**IT IS SO ORDERED**.


/s/Margaret B. Seymour_____
MARGARET B. SEYMOUR
CHIEF UNITED STATES DISTRICT JUDGE

September 26, 2012
Columbia, South Carolina